**BONNER C. WALSH**
Oregon State Bar ID Number 131716
bonner@walshpllc.com
WALSH LLC
1561 Long Haul Road
Grangeville, ID 83530
Phone 541.359.2827
Facsimile 866.503 8206

Adam R. Gonnelli
(*pro hac vice* forthcoming)
Adam@arglawoffice.com
**LAW OFFICE OF ADAM R. GONNELLI, L.L.C.**
7030 E. Genesee Street
Fayetteville, NY 13066
Telephone: (917) 541-7110
Facsimile: (315) 446-7521

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRANDON POLICKY, | Case No.: 3:20-cv-2082 |
| Plaintiff, | |
| vs. | PLAINTIFF'S ORIGINAL COMPLAINT FOR NEGLIGENCE, STRICT PRODUCTS LIABILITY AND BREACH OF IMPLIED WARRANTY |
| SSB MANUFACTURING COMPANY; AND SINOMAX EAST, INC., | |
| DEFENDANTS. | DEMAND FOR JURY TRIAL |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**          1

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND JURY DEMAND

Plaintiff Brandon Policky is an individual who purchased a Simmons Beautysleep Memory Foam Mattress In A Box (the "Mattress") for personal use.  Microscopic particles leaked from the Mattress and caused Mr. Policky severe skin irritation that lasted for months. The Simmons Mattress had no warning which would alert a reasonable consumer of this danger.

## PARTIES

1.  Brandon Policky is a resident of Portland, Oregon.

2.  Defendant SSB Manufacturing Company ("Simmons") is a company located in the State of Georgia.  Simmons is in the business of selling mattresses.  Simmons conducts regular, sustained business activity in this District. Simmons' registered agent in Oregon is Corporation Service Company, 1127 Broadway Street NE, Suite 310, Salem, OR 97301.

3.  Defendant Sinomax East ("Sinomax") is a Delaware corporation with a principal place of business in the State of Tennessee.  Sinomax is in the business of manufacturing and selling mattresses.  Sinomax conducts regular, sustained business activity in this District. Sinomax does not maintain a registered agent in Oregon but does maintain a registered agent in Tennessee.  That agent is listed as: Sinomax East, Inc.; 1740 JP Hennessy Dr., John Beliveau, La Vergne, TN 37086-3525.

//

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**      **2**

## JURISDICTION AND VENUE

4.  This Court has diversity jurisdiction over this case under 15 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the parties reside in different states.

5.  Venue is proper under 15 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Mr. Policky's claims occurred in this District.

## FACTUAL ALLEGATIONS

6.  In October of 2018 Plaintiff Mr. Policky purchased a Simmons "Beautysleep Memory Foam Mattress In A Box" at Standard TV and Appliance in Portland Oregon.

7.  The mattress was manufactured for Simmons by Sinomax, and then placed in the stream of commerce by Simmons.

8.  When Mr. Policky purchased the Mattress, it was new and in the same condition that it was in when it left Defendants' custody, possession, or control.

9.  Mr. Policky unpacked the Mattress and started to sleep on it shortly after he bought it.

10. On or about January 21st of 2019 Plaintiff was changing the sheets on his bed.  He noticed a zipper on the side of the Mattress was partly open perhaps about 8 inches.  He had never touched the zipper previously so assumed that the zipper was failing.

11. When Mr. Policky noticed the zipper was open, he tried to close it, but it was stuck in place.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**            **3**

12.    In February of 2019 Mr. Policky began to develop skin problems.  The rash was bad enough that he went to an urgent care facility.

13.    He was given steroids and prescribed a cream for psoriasis.

14.    The skin problems ultimately covered half his body.  The skin was extremely irritated, inflamed and began to peel.

 

15.    He tried everything he could think of to stop the rash but nothing worked.  The rash covered his body almost completely and lingered for about six months.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND          4**

16.   Mr. Policky did not know what caused the rash and began to look for unusual chemicals in his home.  He got rid of various household cleaners and even changed his diet, yet the rash persisted.

17.   Mr. Policky works in the automotive paint industry and had access to a spectrum light, which he used to determine the source of the irritant.

18.   Around the end of March 2019, he used a Scangrip Color Match spectrum light to search his apartment.

19.   Using the spectrum light, he found fibers all over the apartment.

20.   The fibers looked exactly like those near the zipper on the Mattress and were more heavily concentrated near the bed.

21.   He wrapped the mattress in plastic and threw it out.  Additionally, he had to throw out much of his other furniture and clothing due to the contamination.  Since he could not remove the fibers from them, he ended up having to throw away over $3,000 worth of his property.

22.   The only thing that stopped the rash was the passage of time after he removed all of the fibers that came from the Mattress from his apartment.

23.   Mr. Policky now experiences dry skin when he did not before.

### FIRST CAUSE OF ACTION
### NEGLIGENCE

24.   Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**          **5**

25.  Defendants had a duty to exercise reasonable care in the designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, and quality control of the Mattress.

26.  Defendants failed to exercise reasonable care in the designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, and quality control of the Mattress.

27.  The negligence of the Defendants included the following acts and omissions:

   a.  Negligently designing the Mattress in a manner that was dangerous to users.

   b.  Marketing and selling the Mattress without adequately testing it.

   c.  Failing to warn consumers of the dangers of the Mattress.

28.  Defendants know or should know the dangers posed by the Mattress.

29.  The risk of injury and actual injury to Mr. Policky was foreseeable.

30.  The negligence of the Defendants was the proximate cause of the damage suffered by Mr. Policky.

31.  Defendants' actions warrant punitive damages because: there was a high likelihood that exposure to the inside of the Mattress would cause serious harm; Defendants were at all times aware of that likelihood; the Defendants have profited from their conduct; and Defendants are in a strong financial position.

//

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**            **6**

## SECOND CAUSE OF ACTION
### Strict Product Liability/ORS Chapter 30

32.    Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

33.    The Mattress was defectively designed because the material inside the Mattress combined with the zipper opening unreasonably risks exposure to hazardous material.

34.    The Mattress was marketed and sold with inadequate warnings concerning the likelihood of exposure to hazardous material and the attendant risks of such exposure.

35.    The mattress is defective and unreasonably dangerous beyond the extent contemplated by ordinary users because the material inside the mattress can easily escape and cause serious skin irritation.

36.    As a direct and proximate result of Defendants placing the defective Mattress in the stream of commerce, Mr. Policky has experienced severe harm, including skin disease, pain, discomfort, mental anguish and diminished enjoyment of life.

37.    Defendants' actions warrant punitive damages because: there was a high likelihood that exposure to the inside of the Mattress would cause serious harm; Defendants were at all times aware of that likelihood; the Defendants have profited from their conduct; and Defendants are in a strong financial position.

## THIRD CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability

38.    Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND          7**

39.     Defendants are "merchants" with respect to the Mattress.

40.     Defendants placed the Mattress in the stream of commerce.

41.     Defendants at all times knew the use for which the Mattress was intended and impliedly warranted that it was merchantable and safe for such use.

42.     The Mattress was not merchantable and safe for use, and Plaintiff suffered damage as a result in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.  Judgment in favor of Plaintiff on all causes of action;

B.  Compensation for both economic and noneconomic losses, including, but not limited to medical expenses, loss of earnings, disfigurement, pain and suffering, mental anguish and emotional distress in such amounts as may be proven at trial;

C.  Attorneys' fees and costs;

D.  Pre- and post-judgment interest; and

E.  Any and all further legal or equitable relief the Court may deem just.

**PLAINTIFF HEREBY MAKES HIS DEMAND FOR JURY TRIAL**

Dated: December 1, 2020

Respectfully submitted,

By:   /s/ Bonner C. Walsh

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND                8**

Bonner C. Walsh, OSB #131716
WALSH LLC
1561 Long Haul Road
Grangeville, ID 83530
TEL   541.359.2827
FAX   866.503.8206

Adam Gonnelli (*pro hac vice* forthcoming)
**LAW OFFICE OF ADAM R. GONNELLI, L.L.C.**
7030 E. Genesee Street
Fayetteville, NY 13066
Telephone: (917) 541-7110
Facsimile: (315) 446-7521
adam@arglawoffice.com

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**         **9**